STATE of North Dakota, Plaintiff
and Appellant,

v.

David C. KLOSE, Defendant
and Appellee.

Cr. No. 908.

Supreme Court of North Dakota.

May 12, 1983.

James Twomey, Asst. State's Atty., Fargo, for plaintiff and appellant.

Richie & Sogard, Fargo, for defendant and appellee; argued by Michael Masuda, Fargo.

SAND, Justice.

The State appealed from an order dismissing a DUI charge against the defendant, David C. Klose.

Klose originally was charged with driving while under the influence of intoxicating liquor in violation of North Dakota Century Code § 39–08–01. Klose appeared for arraignment in county court and pleaded not guilty to the charge and requested a jury trial. The county court set bail and a date for jury selection. After numerous continuances and delays, Klose's case was placed on the 22 June 1982 criminal jury calendar. Klose failed to appear for jury selection on 22 June 1982, and the court issued a bench warrant on 23 June 1982 for Klose's arrest.

On 6 July 1982 Klose voluntarily appeared with his attorney during daily arraignments in county court and orally moved to amend the complaint to reduce the charge from DUI to actual physical control of a motor vehicle while under the influence of intoxicating liquor. The record reflects that, although Klose did not give prior notice to the State, an assistant state's attorney was present for the daily arraignments in county court and stayed for the proceedings involving Klose. The county court granted Klose's motion to amend the complaint, and he pleaded guilty to the reduced charge. The county court accepted Klose's guilty plea and deferred imposition of sentence for two years and ordered Klose to pay court costs in the amount of $150.00.

On 15 July 1982 the State filed a motion to vacate the judgment and imposition of sentence issued by the county court on the grounds that the judgment and order were invalid. The county court granted the State's motion to vacate and set the case for trial on the original DUI charge.

On 30 August 1982 Klose again moved to amend the criminal complaint to reduce the charge from DUI to actual physical control and a hearing was held before the county judge. However, the county judge disqualified himself from the case and this court appointed the Honorable Bayard Lewis to hear Klose's case. On 15 October 1982 a hearing was held before Judge Lewis on Klose's motion to amend the criminal complaint. Judge Lewis concluded that the county court had originally acted improperly and without authority in amending the initial complaint to reduce the charge to actual physical control. However, Judge Lewis also concluded that Klose had been placed in jeopardy because the county court accepted his guilty plea to the reduced charge and accordingly dismissed the DUI charge. The State appealed.

The State contended that the county court had no legal authority or justification to amend the complaint and reduce the offense charged; therefore, jeopardy did not attach to Klose's plea of guilty to the amended complaint.

We must first determine if the county court was justified or had the legal authori-

ty under the aforementioned circumstances to amend the initial complaint.

Rule 3(b), North Dakota Rules of Criminal Procedure, provides as follows:

"(b) Amendment. The magistrate may permit a complaint to be amended at any time before a finding or verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

The explanatory note to Rule 3(b) states:

"Subdivision (b) is adapted from and is almost identical to Rule 7(e), N.D.R. Crim.P., and permits amendment of a complaint if not prejudicial to the substantial rights of the defendant. . . ."

Rule 7(e), North Dakota Rules of Criminal Procedure, states:

"(e) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding, if no additional or different offense is charged and substantial rights of the defendant are not prejudiced."

The explanatory note for Rule 7(e) states:

"Subdivision (e) parallels the language of Rule 7(e), F.R.Crim.P., and is substantially in accordance with the provisions of Section 29–11–45, N.D.C.C. which allows amendment of the information."

The notes of Advisory Committee on the Federal Rules states:

"Note to Subdivision (e). This rule continues the existing law that, unlike an indictment, an information may be amended. *Muncy v. United States*, 289 Fed. 780, C.C.A.4th."

■ We note specifically that the rules permit an amendment to the complaint or information if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced. 8 Moore's Federal Practice: Criminal Procedure ¶ 7.05[2], in part, states:

"These requirements [for amendment] are cumulative. Thus if the court determines that the government is charging an additional or different offense, it has no discretion to permit amendment, regardless of whether or not defendant is preju-

diced by the change. The result—apart from a needless clerical burden—is that the defendant obtains a new arraignment, and new opportunity for motions, although the attendant delays may not be needed for the preparation of his defense."

■ The language of Rules 3(b) and 7(e) provides that the magistrate or court *may permit* a complaint or information to be amended. This language implies that the information or complaint may be amended only with permission of the court. This language does not suggest that the court, on its own or at the request of the defendant without the concurrence of the prosecution, may amend the complaint or information. If the defendant were authorized to seek an amendment to the complaint without the concurrence of the prosecution, we could readily envision the defendant seeking an amendment in every case to reduce the charge to the lowest possible offense or, in the alternative, to charge something which would not even technically constitute an offense, but only an infraction. Such a construction would permit the defendant to determine what charge, if any, should be filed against him. It would bring about an absurd result. We therefore conclude that the county court, without the consent or request of the prosecution, had no authority to amend the complaint under the circumstances of this case. The amendment clearly reduced the offense and as a result charged a different offense than the one set forth in the initial complaint. This is precisely what the rules do not permit.

If the State had been given notice and simply failed or declined to appear, we may have had a different situation. The record is not clear how or when the State became aware of the hearing or proceedings in which the complaint was amended and the defendant pleaded guilty to the amended complaint. The defendant's brief states:

"The State was represented by an Assistant Cass County State's Attorney who was present throughout these proceedings and made no objection to any of the actions of the Appellee or the Court."

The record discloses that an assistant state's attorney was present at the hearing, but the record does not indicate that the assistant state's attorney did anything more but be present.[1] We do not believe the facts of this case established that the State waived the right to object to Klose's motion to amend the complaint.

Our review of the record discloses that a trial in this instance was not had. The proceedings indicate that the defendant moved to change or reduce the offense, which the court granted. The court then heard unsworn statements regarding the defendant's reformed behavior. The court asked the defendant to plead to the reduced charge and he pleaded guilty. The court accepted the plea and deferred imposition of sentence for two years and assessed court costs to the defendant in the amount of $150.00.

■ In resolving the issue under consideration, we are aware and recognize that in *State v. Morris,* 316 N.W.2d 80 (N.D.1982), we concluded that the court in a criminal bench trial may find the defendant guilty of a lesser included offense. However, in the instant case, no trial was had and no evidence was introduced upon which the court could make the determination that the evidence was not sufficient to support the original charge, but was sufficient beyond a reasonable doubt to support a lesser included offense, as is required pursuant to *State v. Piper,* 261 N.W.2d 650 (N.D.1977). Neither did the court follow the procedure outlined in Rule 11, NDRCrimP, relating to the acceptance of a guilty plea. Consequently, the court's authority to find a defendant guilty of a lesser included offense in a bench trial is not the real issue before us.

We conclude that under the circumstances of this case the county court did not have the authority to amend the initial complaint.

Having concluded that the county court did not have the authority to amend the initial complaint on motion by Klose, we must consider the application of the double jeopardy provision of the State and Federal constitutions to the county court's acceptance of Klose's guilty plea to the reduced charge.

The State contended that the vacation of the amended complaint and guilty plea and the reinstatement of the original complaint did not constitute double jeopardy, which is prohibited by the Fifth Amendment of the United States Constitution and Article I, § 12, of the North Dakota Constitution. See also NDCC § 29–01–07.[2]

---

1. The transcript of the hearing reflects the following statements by the assistant state's attorney:

   "WHEREUPON
   the following proceedings were had, to-wit:
   "MR. FAY [Assistant State's Attorney]: State has nothing further this morning, Your Honor.
   "MR. RICHIE: Your Honor, you asked me to bring David Klose in this morning.
   "THE COURT: Is he here?
   "MR. RICHIE: Right here with his friends, Your Honor.
   "THE COURT: All right. Would you step forward, please.
   "MR. FAY [Assistant State's Attorney]: I don't have our file on that, Your Honor.
   "THE COURT: This is driving while under the influence?"
   The above-quoted materials were the only comments made by the Assistant State's Attorney.

2. The Fifth Amendment of the United States Constitution, made applicable to the States through the due process clause of the Fourteenth Amendment [*see, Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)] provides, in part, as follows: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ."
   Article I, § 12 of the North Dakota Constitution (formerly § 13) provides, in part, as follows: "No person shall be twice put in jeopardy for the same offense. . . ."
   NDCC § 29–01–07 provides as follows:
   "No person can be twice put in jeopardy for the same offense, nor can any person be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted, or acquitted, or put in jeopardy, except as is provided by law for new trials."
   In *State v. Allesi,* 216 N.W.2d 805 (N.D.1974), this Court concluded that the original framers of our State Constitution and our members of the Legislature did not intend an interpretation of our double jeopardy clause different from that mandated by the double jeopardy clause of the United States Constitution.

Klose, in support of his argument that the proceedings described earlier herein constituted double jeopardy cited *State v. Thomson,* 76 N.D. 125, 34 N.W.2d 80 (1948).

In *State v. Thomson, supra,* after several district court judges in one manner or another became disqualified to hear the case, the Supreme Court, under its power of general superintending control over inferior courts, designated the Honorable W.H. Hutchinson to preside over the trial. Judge Hutchinson presided over certain preliminary matters and the case was set for jury trial. However, prior to the time set for jury trial, certain proceedings were held before another district court judge, the Hon. Harold P. Thomson, in which Judge Thomson accepted the defendant's guilty plea and imposed sentence.

The attorney general applied to this Court for a supervisory writ, and we held that it was error for the undesignated judge (Judge Thomson) to preside over the case and accept the guilty plea; however, the actions by Judge Thomson were voidable and the double jeopardy clause prohibited the State from reprosecuting the defendant.

■ We believe that *State v. Thomson, supra,* is distinguishable from the instant case. In *Thomson,* the state's attorney was present and consented to the proceedings and actions taken by Judge Thomson. The state's attorney made the following statement to the court:

"Let me say at the outset for the sake of the record that the Attorney General of the State of North Dakota, Honorable Nels G. Johnson, is opposed personally to the allowance of this plea and that by my taking this plea I am taking it upon my own responsibility and against the recommendations and the opinion of the Attorney General of the State of North Dako-

ta. However, your Honor, I as State's Attorney feel accepting it on behalf of the State in the case that it is advisable, that it is expedient to take this plea * *." *State v. Thomson,* 34 N.W.2d at 85.

In the instant case the assistant state's attorney was present but did not object to the proceedings or actions of the county court. Rather, the assistant state's attorney remained mute.

■ In footnote 3, in *State v. Allery,* 322 N.W.2d 228 (N.D.1982), we said that both the prosecution and the defense attorneys have the primary responsibility to object to or request instructions on the applicable law in the same manner as the defense counsel has the professional responsibility (Canon 6, Code of Professional Responsibility) to assist in making the record show that a guilty plea was intelligently, accurately, and voluntarily made. *See, State v. Reaves,* 254 N.W.2d 488 (Iowa 1977). Similarly, we believe that the prosecution has the responsibility to avoid error by making appropriate objections.[3] This is in harmony with the legal concept that unless a matter is properly preserved at the trial level it cannot be raised for the first time on appeal.

■ However, in this instance we have another principle of law which becomes operative. That principle is that a person legally should not be permitted to benefit from an error resulting from or through the action that he promoted or instigated. *State v. Sheldon,* 301 N.W.2d 604 (N.D. 1980), *cert. den.,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981). This principle is in accord with the maxim of jurisprudence that no one can take advantage of his own wrong. NDCC § 31–11–05(8).

Chief Justice Burger, concurring in *United States v. Jorn,* 400 U.S. 470, 488, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971) said:

---

3. In *State v. Hunt,* 293 N.W.2d 419 (N.D.1980), we noted that both defense counsel and the state's attorney share a responsibility to provide that the record reflects what actually occurred. Similarly, we stated:

"For that matter, the responsibility also equally rests upon the judge. In *LePire v. Workmen's Compensation Bureau,* 111

N.W.2d 355, 369 (N.D.1941), the court in effect held that if counsel for the State fails to protect the interest of the State and this becomes apparent to the court, the court should see to it that the public interests are protected." *State v. Hunt,* 293 N.W.2d at 423.

"If the accused had brought about the erroneous mistrial ruling we would have a different case, but this record shows nothing to take appellee's claims outside the classic mode of being twice placed in jeopardy for the same offense."

In *United States v. Jorn, supra,* the trial judge, acting on his own without the defendant's consent, discharged the jury and declared a mistrial when he concluded that government witnesses (taxpayers, who allegedly had been aided by the defendant in preparing their returns) had not been properly advised on initial contact by the Internal Revenue Service of their constitutional rights against self-incrimination. The case was set for retrial but on motion by the defendant the case was dismissed on the grounds of double jeopardy. The United States Supreme Court held that a reprosecution would violate the double jeopardy clause. However, the instant case is different and falls squarely within the comment or observation made by Chief Justice Burger. In the instant case the judge acted pursuant to the request of the defendant. The judge did not initiate the action on his own.

In *State v. Allesi,* 216 N.W.2d 805, 813 (N.D.1974), this Court adopted and applied Chief Justice Burger's principle of law expressed in his concurring opinion in *Jorn, supra. See also, City of Minot v. Knudson,* 184 N.W.2d 58 (N.D.1971) [defendant's conduct important in determining applicability of double jeopardy clause].

■ We conclude that this principle applies fully to the instant case because the defendant initiated and pursued the action precipitating the error by the court of which the defendant now complains and wishes to use to his advantage.

The order dismissing the DUI charge is reversed and the case is remanded for proceedings consistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.