**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Deborah Ann SCHUH, Defendant and Appellee.**

**Cr. No. 920194.**

Supreme Court of North Dakota.

Feb. 23, 1993.

Allen M. Koppy, State's Atty., Mandan, for plaintiff and appellant.

Wayne D. Goter, Bismarck, for defendant and appellee.

LEVINE, Justice.

The State appeals from an order granting Deborah Ann Schuh's motion for a new trial following her conviction by a jury of actual physical control of a motor vehicle. We affirm.

A Morton County Deputy Sheriff, responding to a report of a stranded vehicle in the early morning hours of December 3, 1991, found a car·stuck in a grove of trees beyond the paved end of a dead-end roadway. Schuh was inside the stranded vehicle, slumped over its steering wheel. After awakening her, coaxing her from the vehicle, detecting the scent of alcohol emanating

from the car and her person, and observing other indicia suggesting she may have been intoxicated, the officer administered field sobriety tests to Schuh. Afterward, the officer arrested Schuh and, in accordance with NDCC § 29–05–31, issued a uniform traffic complaint and summons charging that Schuh "Drove While Under The Influence Of Alcohol [DUI]," in violation of NDCC § 39–08–01.[1]

Counsel was appointed to represent Schuh and the matter was scheduled for jury trial on May 22, 1992. On the afternoon of May 21, 1992, the State served Schuh notice that it had moved to amend the uniform traffic complaint and summons to also charge, in the alternative, that Schuh had been in actual physical control of a motor vehicle while under the influence of alcohol [APC], in violation of NDCC § 39–08–01. Immediately preceding trial the next morning, the parties met in chambers to discuss the motion to amend.

Schuh contended that the motion would, if granted, violate Rule 3(b), NDRCrimP, which provides that a complaint may be amended "at any time before a finding or verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Schuh asserted that DUI and APC have different elements and, consequently, are "different" offenses. She then asserted that the amendment would prejudice her substantial rights because the motion to amend was served so late she had little, if any, time to prepare a defense against the new charge. The State rebutted Schuh's assertions, arguing that APC and DUI are not "different" offenses because each is included in subsection (1) of section 39–08–01, NDCC, and because each is a class B misdemeanor. The State also argued that Schuh would not be prejudiced by the amendment because she had for months known the State's "intended or proffered evidence"

and likely anticipated that the State would amend the complaint to include an APC charge.

Although expressing uncertainty about whether APC and DUI were the "different offenses" contemplated by NDRCrimP 3(b), the county court granted the State's motion to amend, reasoning that DUI and APC, based on their inclusion within NDCC § 39–08–01(1), were not "different offenses." The court also concluded that Schuh would not be prejudiced in defending against the amended complaint. The case was tried immediately thereafter and a jury found Schuh guilty of APC.

Schuh timely moved for a new trial. In her brief in support of the motion, Schuh argued that DUI and APC are, in accordance with *State v. Klose*, 334 N.W.2d 647 (N.D.1983), different offenses. Schuh also asserted that "the last minute amendment was sought solely for the purpose of covering up the State's lack of preparation at the expense of forcing [Schuh] to defend against a new offense with no chance to prepare for it, thus prejudicing her right to a fair trial and due process of law...." In resisting Schuh's motion, the State argued that *Klose, supra*, was distinguishable and inapplicable and that APC and DUI are not different offenses but, instead, are alternative violations of NDCC § 39–08–01.

The county court granted Schuh's motion for a new trial, reasoning that:

"Pursuant to § 12.1–01–04(2), N.D.C.C., an 'offense means *conduct* for which a term of imprisonment or a fine is authorized by statute after conviction.' [Emphasis in original.]

"Although the factual situation in *State v. Klose*, 334 N.W.2d 647 (N.D. 1983), is somewhat strange or unusual, the North Dakota Supreme Court clearly stated that the amendment to the complaint from driving under the influence

1. NDCC § 39–08–01(1)(a) and (b) says:

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.
b. That person is under the influence of intoxicating liquor."

to actual physical control involved a different offense.

"Driving under the influence (DUI) and actual physical control (APC) fall under the same section of law, § 39–08–01. However, the conduct involved is different. The elements for DUI and APC are not the same. They are different offenses."

The county court thus concluded that it should not have allowed the complaint to be amended to include the charge of APC and that Schuh, therefore, was entitled to a new trial. The State appealed.

■ We first address Schuh's contention that the trial court's order granting her a new trial is not appealable. She asserts, based on our holding in *Ceartin v. Ochs*, 479 N.W.2d 863 (N.D.1992), that an order granting a new trial in a criminal proceeding, as in a civil proceeding, "settles no rights between the parties, but instead initiates a new proceeding to determine those rights," *id.* at 865, and, therefore, lacks finality and is appealable only if validly certified under Rule 54(b), NDRCivP. We disagree.

■ Ordinarily, civil rules do not apply to criminal appeals [2] and we are not persuaded that Rule 54(b), NDRCivP, or a facsimile thereof, is applicable to an order granting a new trial in a criminal proceeding. NDRCivP 54(b) was "designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party. It was adopted because of the potential scope and complexity of civil actions under the federal rules, given their extensive provisions for the liberal joinder of claims and parties." 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2654 at 35 (1983 & Supp.1992). Thus, the applicability, indeed the utility, of Rule 54(b) is confined to civil proceedings,

because civil proceedings routinely involve multiple parties or multiple claims, or both. Criminal proceedings, in contrast, typically do not involve multiple parties and, while multiple charges are not necessarily uncommon, they ordinarily are all resolved in one trial. NDRCivP 54(b), in short, has very little, if any, applicability in criminal proceedings. Therefore, we refuse to bring an order granting a new trial in a criminal proceeding, or any of the other orders outlined in NDCC § 29–28–07, "into the current of our expanding appealability jurisprudence." *Ceartin, supra* at 865. Accordingly, the order granting Schuh a new trial is appealable. *See* NDCC § 29–28–07(2).

■ Our review of this appeal is guided by a number of firmly grounded principles. The decision to grant or deny a new trial is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *E.g., State v. Skaro*, 474 N.W.2d 711 (N.D. 1991). A trial court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. *Id.* A trial court acts in an arbitrary, unreasonable or unconscionable manner when its exercise of discretion is not "the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination," or, as alternatively stated, when it misinterprets or misapplies the law.[3] *In the Matter of Conservatorship of Kinney*, 495 N.W.2d 69 (N.D.1993); *Heller v. Heller*, 367 N.W.2d 179 (N.D.1985). In addition, "a stronger showing of abuse is required to reverse an order granting a new trial than to reverse an order denying a motion for a new trial." *State v. Kraft*, 413 N.W.2d 303, 308 (N.D.1987).

**2.** But, as with every rule, there are exceptions. *See, e.g., State v. Padgett*, 393 N.W.2d 754 (N.D. 1986) [clearly erroneous standard of NDRCivP 52(a) applies in criminal proceedings].

**3.** An analysis under this formulation is, necessarily, tantamount to a de novo standard of

review of the law that is being applied. Accordingly, we need not discuss the State's suggestion that we follow Iowa's lead and apply a de novo standard when "the sole determining factor in a trial court's decision to grant or deny a new trial involves a question of law." *State v. Lindsey*, 302 N.W.2d 98, 101 (Iowa 1981).

■ The State's primary contention on appeal is that DUI and APC are not "additional or different offenses" for purposes of Rule 3(b), NDRCrimP. The State submits several arguments allegedly supporting that contention, the first of which is that the trial court misinterpreted *Klose, supra,* as controlling the question whether DUI and APC are, under the current version of NDCC § 39–08–01, different offenses for purposes of Rule 3(b).

In *Klose,* 334 N.W.2d at 648, the defendant, having been charged with DUI, appeared during daily arraignments in county court and, without having given the State notice of her intentions, orally moved to amend the complaint to charge APC instead of DUI. The county court granted the motion, accepted the defendant's immediate entry of a guilty plea to APC and deferred imposition of sentence. The State successfully moved to vacate that judgment and the matter was reset for jury trial on the original DUI charge. The defendant again moved to amend the complaint and a hearing was scheduled thereafter. After the hearing, the DUI charge was dismissed, based on a determination by the trial court that its prior acceptance of the defendant's guilty plea had placed her in jeopardy. The State appealed.

In commenting on the propriety of the defendant's APC amendment under Rule 3(b), NDRCrimP, this court concluded that "[t]he amendment clearly reduced the offense and as a result charged a different offense than the one set forth in the initial complaint." *Klose,* 334 N.W.2d at 649. The State asserts that this statement has no precedential value because it is derived from decidedly "bizarre" facts and circumstances and from an earlier, different version of NDCC § 39–08–01. More specifically, the State maintains, based on its review of the original complaint from the record on appeal in *Klose,* that the DUI charge in *Klose* was noted by the complaining officer to be the defendant's second DUI offense

within a twenty-four-month period. Citing the version of NDCC § 39–08–01 operative at the time Klose was charged, the State adds that a DUI offense committed within two years of a previous DUI conviction was, at that time, punishable as a class A misdemeanor and the APC amendment, therefore, reduced the charge to a class B misdemeanor.

Based on that background, which was not mentioned in our opinion in *Klose,* and on the fact that the original and amended charges in this case are both class B misdemeanors, the State insists that the original charge in this case was not actually "reduced" by the amended charge and that the amended charge was not, therefore, a "different" offense. In essence, then, the State's assertion that the trial court erroneously relied on *Klose* is grounded upon its contention that *Klose* stands for the proposition that offenses are different only if they have different penalties.

Although we agree that the facts in *Klose* are distinguishable from the case at bar, and also agree that NDCC § 39–08–01 has undergone some change since we decided *Klose,* we disagree that the principle in *Klose* that DUI and APC are different offenses has no precedential value and was erroneously relied upon and applied by the trial court.

The penalty for an offense is not the exclusive means of distinguishing one offense from another. Under section 12.1–01–03, NDCC, one element of every offense is "the forbidden conduct." The conduct forbidden by section 39–08–01 includes driving under the influence of alcohol and, separately and distinctly, actual physical control of a motor vehicle while under the influence of alcohol. *Cf. State v. Jacobson,* 338 N.W.2d 648 (N.D.1983). Thus, DUI and APC proscribe different conduct and, therefore, have different elements, making them "different" offenses under Rule 3(b), NDRCrimP.[4]

---

**4.** We also note that the legislature has authorized the courts to treat those convicted of APC differently than those convicted of DUI. Section 39–08–01(4)(e)(1), NDCC, says:

"4. A person convicted of violating this section, or an equivalent ordinance, must be sentenced in accordance with this subsection.

. . . . .

e. The execution or imposition of sentence

We announced that very conclusion in *Klose*, and it transcends the facts from which it was derived. The trial court's acknowledgement and application of that principle, and its recognition that DUI and APC involve different conduct and have different elements, cannot be characterized as a misapplication of the law. *See Heller v. Heller, supra*. We conclude, therefore, that the trial court did not abuse its discretion in holding that the amendment constituted a different offense. Our conclusion makes the State's remaining arguments, each an attempt to rationalize its contention that DUI and APC are not different offenses under Rule 3(b), NDRCrimP, superfluous.

To violate Rule 3(b), NDRCrimP, an amendment to a complaint not only must charge an additional or different offense but also must prejudice the defendant's substantial rights. Although the trial court did not expressly find that the eleventh-hour amendment had prejudiced Schuh's substantial rights, we conclude it did so impliedly. When it granted the State's motion to amend, the trial court decided Schuh would suffer no prejudice. In changing its mind and granting a new trial on the express ground that it had erroneously allowed the complaint to be amended to include a "different offense," the trial court must have concluded that the late notice of the State's intent to amend the complaint was prejudicial in forcing Schuh to proceed to trial without a fair opportunity to prepare a defense against the new and different charge. We "need not and will not speculate whether giving timely [notice] ... thereby allowing defense counsel a fair opportunity to defend ... would have resulted in a successful defense of the charges." *State v. Lince*, 490 N.W.2d 476 (N.D.1992).

■ Under the circumstances, we do not believe the trial court's grant of a new trial was an abuse of discretion. Accordingly, we affirm.

under this section may not be suspended or deferred under subsection 3 or 4 of section 12.1–32–02 except that a fine or a sentence of imprisonment may be suspended in any of the following instances:

VANDE WALLE, C.J., and MESCHKE, NEUMANN and SANDSTROM, JJ., concur.

(1) Upon conviction of being in actual physical control of a motor vehicle in violation of this section or equivalent ordinance."