CITY OF FARGO, Plaintiff and Appellee,

v.

Mark Arvid SCHWAGEL, Defendant and Appellant.

Criminal No. 950274.

Supreme Court of North Dakota.

March 19, 1996.

Cash H. Aaland, Fargo, for defendant and appellant; submitted on brief.

Thomas P. Martin, Assistant City Prosecutor, Fargo, for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

Mark Arvid Schwagel appeals from a conviction entered in Cass County District Court. We reverse.

In the early morning hours of November 18, 1994, Schwagel was arrested by Officer Thomas Edgerly of the Fargo Police Department for driving under the influence of alcohol (DUI). The complaint charged Schwagel with "DUI" in violation of Fargo municipal ordinance 8–0310.

Schwagel waived his right to a jury trial. A bench trial was held on June 19, 1995. Following the City's case, Schwagel moved for judgment of acquittal, contending the City failed to prove the offense of DUI, specifically the element of driving. After receiving post-trial briefs, the trial court denied Schwagel's motion and, in a memorandum opinion, found Schwagel guilty of APC.[1] The original complaint did not charge the

---

1. The trial court's memorandum opinion denying Schwagel's motion for judgment of acquittal says nothing about DUI, but clearly states "... after review of the testimony and other evidence received this Court finds beyond a reasonable doubt that the defendant was under the influence of alcohol while in actual physical control of a vehicle." However, Schwagel properly appeals from the judgment of conviction. See State v. Jenkins, 339 N.W.2d 567, 568 (N.D.1983). The judgment of conviction states only that Schwagel was charged with DUI; it does not state that Schwagel was found guilty of APC, or of any other crime, for that matter. Despite this omission, the trial court's intention is clear from its memorandum opinion. Because this case is reversed on other grounds, we need not address the adequacy of a judgment of conviction that fails to state the fact of conviction or the crime for which the defendant was convicted.

offense of APC, and the City did not move to amend its complaint to charge the offense of APC.

■ Schwagel appeals his conviction, arguing he was convicted of an offense other than the one with which he was charged. Specifically, he contends the complaint charged him with DUI, but he was convicted of APC. The City responds by arguing the complaint charged Schwagel with DUI in violation of Fargo municipal ordinance 8–0310, which contains the offense of APC.[2] Thus, the City argues Schwagel could be convicted of either offense. The City also attempted a belated argument by letter asserting APC is a lesser included offense of DUI, and therefore APC need not be charged separately in the complaint. We agree with Schwagel.

■ The primary purpose of criminal complaints is to fairly inform defendants of the charges against them. *E.g., City of Minot v. Bjelland,* 452 N.W.2d 348, 351 (N.D. 1990). Notice of the charges enables a defendant to prepare for trial. *E.g., State v. Niska,* 380 N.W.2d 646, 648 (N.D.1986). This right "to be informed of the nature and cause of the accusation" is a basic constitutional protection secured by the Sixth Amendment. *E.g., Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532–33, 45 L.Ed.2d 562, 572 (1975). It is axiomatic that a defendant cannot be convicted of an offense for which notice failed to comport with this Sixth Amendment guarantee. *See Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240, 250 (1962); *see also DeJonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937)(stating "[c]onviction upon a charge not made would be sheer denial of due process").

Schwagel contends that, because DUI and APC are different offenses, his APC conviction was for an offense other than the one

with which he was charged—the offense of DUI. He supports his argument with this court's decision in *State v. Schuh,* 496 N.W.2d 41 (N.D.1993). In *Schuh,* the State had been allowed the day before trial to amend its original DUI complaint to also charge the offense of APC. *Id.* at 46. At the close of the case, the trial court decided the eleventh hour amendment had prejudiced the defendant, and it granted a motion for new trial. *Id.* at 43–44. The State appealed, and this court, in affirming the grant of a new trial, held that DUI and APC are different offenses. "DUI and APC proscribe different conduct and, therefore, have different elements, making them 'different' offenses under Rule 3(b), N.D.R.Crim.P." *Schuh,* 496 N.W.2d at 45.

Unlike *Schuh,* in this case, the City made no Rule 3(b) motion to amend its complaint and charge the offense of APC. Here the trial court convicted Schwagel of APC on its own, without an amended complaint. However, even with the factual difference and even though *Schuh* involved an application of Rule 3(b), N.D.R.Crim.P., the *Schuh* decision controls this case to the extent it determined DUI and APC are different offenses. Therefore, we agree with Schwagel's basic argument that he could not be charged with the offense of DUI and convicted of the different offense of APC.

However, whether failure to inform Schwagel of the charges against him is constitutionally fatal under the Sixth Amendment depends on resolving the City's argument that, by referring to the ordinance in the complaint, Schwagel was put on notice of both the offense of DUI and the offense of APC, and therefore, was subject to conviction under either offense. To sufficiently charge an offense,

> "[a complaint] must contain a plain, concise, and definite written statement of the

---

2. Fargo Municipal Code Section 8–0310 provides:

"No person shall drive, or be in actual physical control of, any vehicle upon any street, highway, public or private parking lot, or other public or private property in the city if said person is under the influence of intoxicating liquor or controlled substances. Being under the influence of intoxicating liquor or con-

trolled substances shall be as defined by Chapter 39–08 of the North Dakota Century Code including any amendments hereafter adopted. All other relevant and applicable statutes of the state of North Dakota relating to driving under the influence of intoxicating liquor or controlled substances are also incorporated herein by reference and made a part hereof."

essential elements of the offense. In considering the sufficiency of a [complaint], technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. Mere defects, inaccuracies, or omissions in [a complaint] do not affect the subsequent proceedings, unless as a result, no offense is charged."

*City of Grand Forks v. Mata,* 517 N.W.2d 626, 628 (N.D.1994) (citations omitted). The acronym "DUI" sufficiently states the elements of the offense of "driving under the influence." But "DUI and APC proscribe different conduct and, therefore, have different elements." *Schuh,* 496 N.W.2d at 45. Accordingly, we conclude the acronym "DUI," with a reference to a DUI/APC ordinance, does not sufficiently state the elements of the offense of "actual physical control." *See id.* (finding DUI and APC different offenses); *see also, e.g., Mata,* 517 N.W.2d at 628 (stating a complaint must state the "essential elements of the offense").

We distinguish *City of Wahpeton v. Desjarlais,* 458 N.W.2d 330 (N.D.1990), a case relied upon by the City to support its argument. In *Desjarlais,* the defendant was charged with "driving under suspension" in violation of a city ordinance that prohibited driving under suspension or revocation. *Id.* at 331. The trial court determined the City failed to prove "driving under suspension" because the defendant's license was revoked, not suspended. *Id.* This court reversed, finding the reference to the ordinance sufficiently charged the defendant with either offense. *Id.* at 333–34. However, unlike the charges involved in *Desjarlais,* in this case, there is a "material distinction" between the charges of DUI and APC. For example, driving is an element required in DUI, but not APC. *See id.* at 333 (stating "there is no material distinction between the charge of driving under suspension and driving with a revoked license ... [u]nder either charge, the defendant is being charged with driving during a time when his or her driving privileges have been judicially or administratively removed").

We do not reach the City's belated argument that APC is a lesser included offense of DUI, and thus the greater offense of DUI inherently notified Schwagel he might have to defend against the lesser included offense of APC. The argument was not raised in the City's brief, and was not sufficiently well-presented to permit consideration.

We reverse Schwagel's conviction for the offense of APC.

MESCHKE, J., and BERYL J. LEVINE, Surrogate Judge, concur.

SANDSTROM, J., concurs in the result.

VANDE WALLE, Chief Justice, concurring specially.

In her memorandum opinion and order denying Schwagel's motion for judgment of acquittal following the bench trial, the trial judge wrote:

"Lastly, the defendant's claim that he was only charged with the offense driving under the influence and therefore cannot be convicted of actual physical control is meritless. The Uniform Traffic Citation clearly states the ordinance number of which the defendant is charged with violating. In the case at hand, the citation succinctly states that the defendant was charged with violating Fa[r]go Municipal Code 8–0310. If the defendant was confused about the pending charge, he should have made the necessary motion, or at the very least made the Court aware of his confusion before allowing progression to trial. Instead, the defendant chose to proceed, only to later claim, as a last ditch effort, that he wasn't given appropriate notice of the charges against him."

That statement makes good sense in view of Rule 7(f) N.D.R.Crim.P., [bill of particulars should be granted to enable the defendant to adequately prepare for trial], cited by neither party. Had the citation, without more, charged Schwagel with a violation of the ordinance, I would agree with the trial court that it was incumbent on Schwagel to seek a bill of particulars. However, here there was more. The arresting officer added "DUI" to the citation. The common understanding of those initials is "driving under

the influence." Driving, as opposed to actual physical control, was the operative word of the charge.

Rule 7(c), N.D.R.Crim.P., specifies in part that an error or omission in the citation is not ground for reversal of a conviction "if the error or omission did not prejudicially mislead the defendant." Schwagel contends he was prepared to defend against a charge that he had driven the motor vehicle, not a charge that he had actual physical control of the vehicle. On the record before us, that contention is not refuted.

Although we reverse the judgment of conviction of driving under the influence, the offense named in the judgment of conviction, and, the verdict of actual physical control contained in the trial judge's memorandum opinion and order, I understand the effect of the majority opinion is to permit Schwagel to be properly charged and tried with actual physical control. *State v. Schuh,* 496 N.W.2d 41 (N.D.1993); Rule 35(d) N.D.R.App.P. [Criminal Appeals; Power of Court on Review].