**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Brian Boyd ERBELE, Defendant and Appellee.**

**Criminal No. 960102.**

Supreme Court of North Dakota.

Oct. 1, 1996.

Terry W. Elhard, State's Attorney, Ashley, for plaintiff and appellant.

Robin L. Olson (argued), Olson Law Office, Grand Forks, and Brian W. Nelson (on brief), Nelson Law Office, Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

This appeal is from the trial court's order suppressing evidence seized in the search of an automobile following the Defendant's arrest for Driving Under the Influence (DUI). The trial court suppressed the seizure of the Defendant's ignition keys. The State argues the suppression of this evidence was improper. We reverse and remand.

On November 3, 1995, Steve Spitzer, a McIntosh County resident, contacted State Radio reporting a car had left the road approximately three quarters of a mile from his farmhouse. Responding to this call, Steve Delzer, McIntosh County Sheriff, called Spitzer. Spitzer indicated he smelled alcohol when he attempted to render assistance. Spitzer stated he walked down to the vehicle and talked with the driver, whom he recognized as Brian Boyd Erbele, the Defendant. Prior to going to the scene of the accident, Delzer contacted Deputy Sheriff Steve Fischer. The two law enforcement officers met at the accident scene around midnight.

Fischer walked out to the vehicle stuck in the pasture and found Erbele sitting in the driver's seat. There were no keys in the ignition and Erbele was the only person in the car. Delzer and Fischer saw a pool-cue case and a small cooler on the passenger side floorboard, as well as an open eighteen-pack of beer in the back of the car. Delzer smelled a strong odor of alcohol and noticed Erbele's eyes were bloodshot. Erbele admitted he was drunk, but contended the car had been driven off the road by someone else and, after the crash, this person left the scene, with the ignition keys, to find help.

Erbele stated he did not know the person, but had met him while drinking at a bar in Ashley, North Dakota. Both Delzer and Fischer examined the accident area and found only one set of foot prints leading from the ditch to the driver's side of the vehicle. Upon further questioning, Erbele again told both officers he did not know the person whom he was with, and even if they looked, the officers would not find his keys. Subsequently, Delzer contacted the bars in Ashley which Erbele said he stopped. The bartenders at these establishments commented they had seen Erbele, but he had been alone.

Delzer then had Erbele sit in his patrol car and asked him to perform the Horizontal Gaze Nystagmus test. Erbele refused. Relying on Erbele's condition, Delzer arrested him for driving under the influence of intoxicating liquor, under N.D.C.C. § 39–08–01, and read him his constitutional rights. Erbele was informed of the implied consent law and subsequently consented to give a blood sample. Delzer took custody of Erbele and transported him to the hospital in Wishek, North Dakota, to obtain a blood sample. Fischer remained at the scene. While in route, Erbele again told Delzer the person he was driving with took the ignition keys, and the officers would not be able to find them. Delzer asked Erbele if he would mind if Fischer searched for the keys. Erbele consented. Delzer then contacted Fischer and instructed him to search the vehicle for the keys. Fischer found the keys stuck between the passenger side seat cushion and seat back.

Upon learning the ignition keys had been found, Delzer decided to charge Erbele with Actual Physical Control (APC) of a motor vehicle while under the influence of intoxicating liquor, under N.D.C.C. § 39–08–01, rather than DUI. Delzer made this decision prior to giving the blood test, but did not inform Erbele of his decision. A blood sample was obtained. Delzer stated he did not formally charge Erbele with APC until later, in the Sheriff's office. It appears from the record Erbele first learned of the APC charge when he signed the North Dakota Uniform Complaint and Summons form.

Erbele moved to suppress the evidence seized, including the keys and the results of the blood test. The trial judge suppressed the evidence of the ignition keys, concluding they were illegally seized because Erbele was initially charged with DUI but later charged with APC.

The State may appeal an order granting the suppression of evidence. N.D.C.C. § 29–28–07(5). On appeal, we will not reverse a trial court's findings of fact in preliminary proceedings in a criminal case if "after conflicts in testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *State v. Glaesman,* 545 N.W.2d 178, 181 (N.D.1996) (citing *State v. Zimmerman,* 529 N.W.2d 171, 173 (N.D.1995)). In reviewing the evidence, we recognize it is the trial court's function to consider the testimony and weigh the credibility of the witnesses. *State v. Bryl,* 477 N.W.2d 814, 816 (N.D. 1991) (citing *State v. Ronngren,* 361 N.W.2d 224, 230 (N.D.1985)). We review the trial court's order granting Erbele's motion to suppress under this standard.

The evidence in this matter is uncontroverted. To summarize, Delzer and Fischer found Erbele alone in his car in a pasture. There was only one set of foot prints leading from the ditch to the car, presumably Spitzer's prints. Erbele told Fisher he was drunk. Erbele commented more than once to the officers they would be unable to find the vehicle's ignition keys. Delzer arrested Erbele for DUI, and on the way to the Wishek hospital for a blood sample, Erbele consented to a search of his vehicle. Subsequently, Fischer found the ignition keys stuck between the passenger seat and seat back. Delzer then decided to change Erbele's citation from DUI to APC, but did not inform Erbele of this change until sometime after a blood sample was obtained.

The record does not support or adequately explain the order suppressing the evidence of the keys. The trial court may have based its decision on our holding in *State v. Schuh,* 496 N.W.2d 41 (N.D.1993). There, we held that DUI and APC were two different offenses

because each offense has different elements. *Id.* at 45. Here, the trial court, quoting *Schuh*, stated: "Thus, DUI and APC proscribe different conduct and therefore, have different elements, making them 'different' offenses under Rule 3(b), NDRCrimP."

It appears the trial court concluded the keys were seized illegally because APC and DUI are different offenses and Erbele was initially arrested for DUI. But, our previous decisions regarding the differences between APC and DUI are irrelevant to Fischer's search for Erbele's ignition keys. Delzer initially charged Erbele with DUI, but upon discovery of the ignition keys, charged him with APC. These actions were within his authority, and do not make the initial arrest invalid nor justify the suppression of the keys as evidence. When an officer "make[s] an arrest for one reason ... they may thereafter prosecute for another offense and choose not to prosecute on the charge on which the arrest was initially made if ... they learn of other bases for prosecution." *State v. Harris*, 286 N.W.2d 468, 472 (N.D.1979). *See also State v. Klevgaard*, 306 N.W.2d 185, 192 (N.D.1981). The search is valid because at the time of the search, Delzer, with probable cause, had already placed Erbele under arrest for DUI. Once a person is under a lawful arrest, an officer may search the passenger compartment of the arrestee's vehicle without a warrant. *State v. Gilberts*, 497 N.W.2d 93, 95 (N.D.1993) (citing *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981)). *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969).

Furthermore, it is uncontroverted that Erbele consented to the search of his vehicle. When an appropriate party gives his or her consent to a search, the search is reasonable and does not violate the United States or North Dakota Constitutions. *State v. Zimmerman*, 529 N.W.2d at 174 (citing *State v. Swenningson*, 297 N.W.2d 405, 407 (N.D.1980)). Here, Erbele's consent was all the officers needed to search his vehicle. The keys were legally seized. Thus, the search of Erbele's vehicle was valid not only because the search was incident to his lawful arrest, but also because he consented.

We reverse the trial court's order suppressing the keys and we remand for further proceedings.

MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.