1999 ND 136

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Michael F. TREIS, Defendant and Appellant.**

**No. 980383.**

Supreme Court of North Dakota.

July 13, 1999.

Rehearing Denied July 29, 1999.

---

Stephen J. Rice, State's Attorney, Grafton, for plaintiff and appellee.

Michael F. Treis, pro se, Hunter; defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Michael Treis appealed from his judgment of conviction after a bench trial for the offense of falsely stating or representing that one has been or is an investigative officer or employed by an investigative or security officer or agency. We affirm, concluding, despite errors in the judgment and errors in correcting the judgment, the defendant was tried for and convicted of the offense charged in the amended complaint; the statutory exception claimed by the defendant did not apply to him; and the defendant was not deprived of constitutional or statutory rights.

I

[¶ 2] On September 26, 1996, Treis went to the office of the Clerk of District Court in Walsh County, the Walsh County Sheriff's Office, and the Park River Police Department. As a result of those visits, a criminal complaint was signed on October 3, 1996, charging Tries with "providing private investigative service without a li-

cence," in violation of N.D.C.C. §§ 43–30–05 and 43–30–10, a class B misdemeanor. Although an arrest warrant was issued on October 4, 1996, Tries was not found and arrested until May 27, 1998.

[¶ 3] In August 1998, Tries personally signed subpoenas for ten persons, and served them. The district court told Tries he could not personally issue subpoenas, but on his request appropriate subpoenas could be issued for him.

[¶ 4] On August 11, 1998, the complaint was amended, changing the charge to "falsely stating or representing that one has been or is an investigative officer or employed by an investigative or security officer or agency," in violation of N.D.C.C. § 43–30–10.

[¶ 5] On October 30, 1998, the case was tried to the district court. A deputy clerk of court testified Treis entered the office of the Clerk of District Court in Walsh County on the afternoon of September 26, 1996, and requested some file information, representing himself to be a private investigator. The deputy clerk testified Tries was unable to present an investigator's license when asked to do so. A deputy sheriff testified Tries came to the Walsh County Sheriff's Office that afternoon saying he was a private investigator, retained by a Fargo law firm to investigate an eviction of some third parties. The deputy testified he asked Tries for identification as an investigator, but Tries produced none. The chief of police testified Tries came to the Park River Police Department that day and represented himself as a private investigator working for a Fargo law firm. The executive director of the North Dakota Private Investigation and Security Board testified Tries was not and never had been licensed.

[¶ 6] Treis testified he was trying to help a friend's wife, who had been evicted from her home. Treis also claims the existence of a large conspiracy against him, driven by the "mafia" in Walsh County. Treis acknowledged he was not licensed as a

private investigator, but denied representing he was.

[¶ 7] At the conclusion of the bench trial, the district court found Tries guilty as charged in the amended complaint. The written judgment of conviction, entered on December 2, 1998, reflected Tries had been convicted of the *original* charge, "following a plea of guilty." Tries appealed. On December 9, 1998, an amended judgment of conviction was entered. The amended judgment deleted the erroneous reference to a plea of guilty, but continued to reflect conviction of the original charge. On March 22, 1999, this Court granted a temporary remand for the correction of the judgment. On March 24, 1999, a second amended judgment of conviction was filed, reflecting the correct charge for which Tries had been convicted.

[¶ 8] The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] Our evidentiary standard of review for a criminal bench trial is the same as if the case had been tried to a jury. *State v. Nehring*, 509 N.W.2d 42, 44 (N.D.1993) (citing *State v. Johnson*, 425 N.W.2d 903 (N.D.1988)). In cases challenging a conviction, we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence and its reasonable inferences most favorable to the verdict to see whether substantial evidence exists to warrant conviction. *State v. Overby*, 497 N.W.2d 408, 414 (N.D.1993). Although a finding of guilt may be based solely on circumstantial evidence, the evidence must be probative enough to establish guilt beyond a reasonable doubt. *City of Wahpeton v. Wilkie*, 477 N.W.2d 215, 217 (N.D. 1991).

[¶ 10] Although N.D.R.Crim.P. 23(d) provides "[i]n a case tried without a jury, the court shall make a general finding of guilty or not guilty," if the court before announcing its verdict makes rulings on matters of law, those rulings are fully reviewable. *See* N.D.R.App.P. 35(c) ("Upon an appeal from a verdict or judgment, the supreme court may review any intermediate order or ruling which involves the merits or which may have affected the verdict or judgment adversely to the appellant."); *State v. Rasmussen*, 524 N.W.2d 843, 844 (N.D.1994) (The trial court's pre-verdict bench-trial ruling on the unavailability of justification or excuse for charge of driving under suspension was fully reviewable.).

## III

[¶ 11] Treis argues he was denied due process because he was not allowed his Sixth Amendment right to obtain witnesses in his favor. The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, states in part, "In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." This right is not absolute, and the defendant must show the testimony would have been both favorable and material to his defense. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). Treis claims the district court did not allow him to issue subpoenas, and when the court did allow the issuance of subpoenas, it was limited. Whether the district court's refusal to issue a subpoena violates the Sixth Amendment is a question of law, and our standard of review for a claimed violation of a constitutional right is de novo. *State v. Messner*, 1998 ND 151, ¶ 8, 583 N.W.2d 109 (citing *State v. Wicks*, 1998 ND 76, ¶ 17, 576 N.W.2d 518); *United States v. Soape*, 169 F.3d 257, 267 (5th Cir.1999).

[¶ 12] The district court would not allow Tries to issue subpoenas that did not comply with N.D.R.Crim.P. 17(b). The district court issued subpoenas on behalf of Treis, but with limits. The district court said "the defendant was advised that unless his

attorney saw fit to subpoena individuals as witnesses that the defendant would have to present to this court in an *in camera* proceeding the factual basis that would make the testimony of particular witnesses relevant before it would issue them in a manner that would cause the State of North Dakota to be burdened with the witness fees and costs." Treis never made that effort. The court did, however, provide Treis with subpoenas signed by the court, provided that Treis pay the witness fees and costs. The district court took reasonable steps to insure Treis was afforded due process. The district court's actions and ruling regarding subpoenas did not violate Treis's Sixth Amendment rights to compulsory process.

### IV

### A

[¶ 13] Treis argues the district court erred in convicting him of an offense not charged in the amended complaint. In the original complaint, dated October 3, 1996, Treis was charged with "providing private investigative service without a license," in violation of N.D.C.C. §§ 43–30–05 and 43–30–10. The complaint was amended in August 1998 to one count of "falsely stating or representing that one has been or is an investigative officer or employed by an investigative or security officer or agency." N.D.C.C. § 43–30–10.

[¶ 14] N.D.C.C. § 43–30–05 provides:

A person may not provide private investigative or security services without a license issued by the board. Notwithstanding any other law or ordinance, a person may not be required to obtain a license to provide private investigative or security services in this state other than the license required by this chapter.

[¶ 15] N.D.C.C. § 43–30–10 provides for a penalty or injunction:

Any person who violates this chapter or any person who falsely states or represents that the person has been or is an

investigative officer or employed by an investigative or security officer or agency is guilty of a class B misdemeanor. In addition to the criminal penalties provided, the civil remedy of an injunction is available to restrain and enjoin violations of any provisions of this chapter, without proof of actual damages sustained by any person.

[¶ 16] To sufficiently charge an offense,

[a complaint] must contain a plain, concise, and definite written statement of the essential elements of the offense. In considering the sufficiency of a [complaint], technicalities have been abolished, and it is only necessary to plead an offense in its usually designated name in plain, ordinary language. Mere defects, inaccuracies, or omissions in [a complaint] do not affect the subsequent proceedings, unless as a result, no offense is charged.

*City of Fargo v. Schwagel,* 544 N.W.2d 873, 874–75 (N.D.1996) (quoting *City of Grand Forks v. Mata,* 517 N.W.2d 626, 628 (N.D.1994) (citations omitted)).

[¶ 17] Charging Treis with "providing private investigative service without a license" under N.D.C.C. §§ 43–30–05 and 43–30–10 sufficiently included the elements of the crime for which he was convicted. This Court has in the past recognized that complaints are often hastily drawn and inadequate in construction. *City of Minot v. Bjelland,* 452 N.W.2d 348, 350 (N.D.1990). The primary purpose of a complaint is to inform the defendant of the charge against him. *Schwagel,* 544 N.W.2d at 874. This puts the defendant on notice of the charge and allows for a defense. *Id.* The original complaint was sufficient to alternatively plead violations of both Century Code sections. *See Bjelland,* at 350. The original complaint included N.D.C.C. § 43–30–10. The elements of the offense for which Treis was convicted are contained in that section of the Code.

[¶ 18] The district court allowed the complaint to be amended to correctly name the offense. Allowing amendment of the complaint is within the district court's discretion. N.D.R.Crim.P. 3(b). The court may allow amendment of a complaint at any time before a finding or verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. *Id.* While the named offense was different, the underlying Century Code sections remained the same, and Treis was on notice of the charge against him. The charge was amended more than two-and-a-half months before trial. His defense was not prejudiced.

### B

[¶ 19] Treis also argues his judgment of conviction was issued with the incorrectly-charged offense. Both the original and the amended judgment of conviction state the crime as being "providing private investigative service without a license." The second amended judgment of conviction reflects the correct offense.

[¶ 20] N.D.R.Crim.P. 36 provides:

Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

At oral argument, Treis acknowledged he was convicted of the offense charged. The judgment contained a clerical error, which was correctly amended.

### V

[¶ 21] Treis argues he was exempt from prosecution under N.D.C.C. § 43–30–02(5), which states:

This chapter does not apply to:

. . . .

5. Any person making any investigation of any matter in which that person or the person by whom that person is solely employed is interested or involved. ·

[¶ 22] Treis argues he qualified for the exemption because he was acting as an individual on behalf of another individual. The district court found Treis did not fit the statutory exemption. Tries was not investigating a matter for himself, nor for someone by whom he was solely employed. The district court's factual finding is consistent with the evidence, and we find no error in its interpretation of the law. The district court did not err in concluding the exemption did not apply to Tries.

### VI

[¶ 23] Treis's other arguments are without merit.

[¶ 24] The judgment of the district court is affirmed.

[¶ 25] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.