**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Harlan JACOBSON, Defendant and Appellant.**

**Cr. No. 924.**

Supreme Court of North Dakota.

Oct. 3, 1983.

---

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

Lewis C. Jorgenson, State's Atty., Devils Lake, for plaintiff and appellee.

Garcia & Garcia, Devils Lake, for defendant and appellant; argued by David Garcia, Devils Lake.

SAND, Justice.

The defendant, Harlan Jacobson, appealed from a judgment of conviction for driving a motor vehicle while under the influence of intoxicating liquor (DUI).

On 20 November 1982 North Dakota Highway Patrolman William Byram, after having observed Jacobson drive his vehicle over several concrete parking lot barriers, stopped Jacobson's vehicle on a Devils Lake street. Byrum detected an odor of alcohol on Jacobson's breath and asked him for his driver's license, which Jacobson had difficulty finding. Jacobson denied driving over the barriers until he was shown his tire tracks in the snow. Byram arrested Jacobson and took him to the Devils Lake law enforcement center where Jacobson's responses to sobriety tests were videotaped and a Breathalyzer test was administered. The Breathalyzer results showed that Jacobson's blood alcohol content was 0.17 of one percent.

Jacobson testified that he had a heart condition for which he had taken medication on the day of his arrest. He stated that he had not consumed any alcoholic beverage since his condition was discovered in May of 1982, but that he drank two 24-ounce cans of beer an hour or two before his arrest. Jacobson further stated that he recalled being fingerprinted but that he did not recall driving the vehicle, talking with Patrolman Byram, or taking the sobriety and Breathalyzer tests. Jacobson's 17-year-old step-daughter, who was with him at the time of the arrest, testified that Jacobson was drinking a mixed drink while driving the vehicle.

The only issue raised on appeal is whether or not the trial court erred in refusing

Jacobson's requested jury instruction that actual physical control (APC) of a motor vehicle under the influence is a lesser included offense of the crime of driving while under the influence of intoxicating liquor (DUI).

Both offenses are contained in North Dakota Century Code § 39–08–01, which provides in part:

"1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:

.    .    .    .    .

b.    He is under the influence of intoxicating liquor;"

The penalty for DUI or APC is the same except for the points assessed against the driver's license. A DUI violation prescribes a 15-point assessment, whereas an APC violation prescribes a 6-point assessment against the driver's license. This presents the question whether or not a civil or administrative penalty may properly be taken into consideration in determining if the offense constitutes a lesser included offense when the criminal penalty is the same for both offenses. However, because of the disposition of this case we need not resolve this issue.

■ DUI and APC are two separate offenses. The use of the word "or" between DUI and APC in the statute indicates that the Legislature intended to establish two distinct offenses. However, this in itself is not controlling.

NDCC § 12.1–01–04, *General definitions,* provides:

"As used in this title, unless a different meaning is plainly required:

.    .    .    .    .

15. 'Included offense' means an offense:

a.    Which is established by proof of the same or less than all the facts required to establish commission of the offense charged;

b.    Which consists of criminal facilitation of or an attempt or solicitation to commit the offense charged; or

c.    Which differed from the offense charged only in that it constitutes a less serious harm or risk of harm to the same person, property, or public interest, or because a lesser degree of culpability suffices to establish its commission.

Volume 21, Am.Jur.2d, *Criminal Law,* § 269, p. 472, defined a lesser included offense as follows:

"An offense is a lesser included one of another only if, in order to commit the greater offense, it is necessary to commit the lesser.[87] "

---

" [87] *Eisenberg v United States,* 410 US 992, 36 L Ed 2d 190, 93 S Ct 1515; *United States v Barket* (CA8 Mo) 530 F2d 181 (disagreed with on other grounds *United States v Young* (CA9 Cal) 544 F2d 415, cert den 429 US 1024, 50 L Ed 2d 626, 97 S Ct 643) and cert den 429 US 917, 50 L Ed 2d 282, 97 S Ct 308."

The Ninth Circuit Court of Appeals, with reference to a lesser included offense, in *Giles v. United States,* 144 F.2d 860, 861 (1st Cir.1944) said:

"To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser."

■ For an offense to be classified a lesser included offense it must not only be an included offense but must also be a lesser offense. Driving a motor vehicle without being in actual physical control is difficult if not virtually impossible; thus, it meets the included offense test.

However, the Legislature has provided the same criminal penalty for either offense, and on that basis the offenses are the same. Consequently, APC does not qualify as a lesser offense.

The defendant presented no authority in support of his contention that APC is a lesser included offense of DUI but merely relied upon *State v. Schuler,* 243 N.W.2d

367 (N.D.1967).[1] We are not aware of any authority holding that civil or administrative penalties are considered in determining if the offense is a lesser included offense.

■ But, assuming, arguendo, that APC is a lesser included offense of DUI, it nevertheless does not necessarily follow that jury instructions regarding the lesser included offense must be given. Before the instruction on the lesser included offense is justified, the court must first determine if the evidence creates a reasonable doubt as to the greater or primary offense and supports a conviction of the lesser included offense beyond a reasonable doubt. *State v. Piper,* 261 N.W.2d 650 (N.D.1978).

■ In the instant case the only testimony disclosed by the record supporting DUI is that of the police officer who observed the defendant driving his vehicle over several concrete parking lot barriers. The officer testified that when he approached the vehicle the defendant was in the driver's seat and appeared to have physical control of the vehicle. If the testimony of the officer were completely disregarded for whatever reason, then no evidence would exist to support the lesser included offense. Consequently, the test set out in *Piper, supra,* cannot be met and no justification exists for giving the lesser included offense instruction. The defendant, under these circumstances, is either guilty as charged or innocent.

We, therefore, conclude that the trial court did not err when it refused the defendant's requested jury instruction that actual physical control is a lesser included offense of driving under the influence.

The judgment of conviction is affirmed.

---

1. *Schuler* was only concerned with APC and the question of a lesser included offense was not involved. The obiter dicta in *Schuler* made the observation that "the law does recognize the greater severity of the driving offense." This statement obviously only has reference to the points assessed against a driver's license because the footnote made reference to § 39–06.1–10(3)(b)(5 and 6) which provides for assessing points against the driver's license—6 for APC and 15 for DUI. This law also provides that after reaching a certain number of points the driver's license, through an adminis-

ERICKSTAD, C.J., PEDERSON, and VANDE WALLE, JJ., and PAULSON *, Surrogate Justice, concur.

---

trative proceeding, will be suspended. The point system applied to noncriminal violations as well as to criminal violations. The point system is an administrative or civil penalty rather than a criminal penalty. *Schuler* is not of any assistance and the defendant's reliance upon *Schuler* was misplaced.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.