**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Michael Joe CUMMINS, Defendant and Appellant.**

**Cr. No. 960.**

Supreme Court of North Dakota.

April 24, 1984.

Mark R. Boening, States Atty., Dickinson, for plaintiff and appellee.

William G. Heth, Dickinson, for defendant and appellant.

PEDERSON, Justice.

In spite of Cummins' testimony that he had consumed an excessive amount of alcohol and that he was so intoxicated that he did not know if he had or had not raped Leona, the jury found him guilty of gross sexual imposition (§ 12.1–20–03, NDCC), a class A felony. He was sentenced to serve 20 years in the state penitentiary with eight years suspended. The significant question on this appeal is whether or not, in the light of Cummins' defense, the jury was properly instructed.

The evidence is overwhelming and uncontradicted that Cummins overpowered Leona in her home and had sexual intercourse with her by force and against her will. Other than the issue relating to jury instructions, the errors argued by Cummins, if they occurred, are harmless beyond any reasonable doubt, did not affect Cummins' substantial rights, and should be disregarded. Rule 52(a), NDRCrimP.

The trial court refused to give the following instructions requested by Cummins:

"Definition of Knowingly:

A person engages in conduct:

'Knowingly if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so.' "

"Definition of Intentionally:

A person engages in conduct:

'Intentionally if, when he engages in the conduct, it is his purpose to do so.' "

In a civil case, *Wasem v. Laskowski*, 274 N.W.2d 219, 226 (N.D.1979), we said that parties are entitled to have their theory of the case presented to the jury. In criminal cases we have stated the rule:

"A defendant is entitled to an instruction on a valid applicable theory, but only if there is some evidence to support it

...." *State v. Gann*, 244 N.W.2d 746, 753 (N.D.1976).

The crime of gross sexual imposition as defined in § 12.1–20–03, NDCC, does not require any specific culpability:

"1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

a. He compels the victim to submit by force ...

. . . .

3. An offense under this section is a class A felony ... if the victim is not a voluntary companion of the actor and has not previously permitted him sexual liberties...."

Section 12.1–02–02(2), NDCC, provides: "If a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully."

The general rule is that voluntary intoxication is not a defense to a crime of general intent. See *e.g., United States v. Lavallie*, 666 F.2d 1217 (8th Cir.1982); *State v. Kills Small*, 269 N.W.2d 771 (S.D. 1978). Section 12.1–04–02(1), NDCC, provides in part: "Intoxication is not a defense to a criminal charge.... Evidence of intoxication is admissible whenever it is relevant to negate or to establish an element of the offense charged."

There was no objection and so the trial court appropriately admitted the evidence relating to Cummins' intoxicated condition which he offered in his defense. The court gave the following instruction:

"Our law provides that 'no act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such a condition.'

"This means that such a condition or state of voluntary intoxication, if shown by the evidence to have existed in the Defendant at the time he allegedly committed the crime charged, is not of itself

a defense. The law does not permit a person to use his own vice as a shelter against the normal, legal consequences of his conduct.

"But, whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, you may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

"Thus, in the crime of Gross Sexual Imposition, of which the Defendant is accused in this case, the specific intent to compel another by use of force or threat of serious bodily injury or death to submit to a sexual act, is a necessary element of the crime. Accordingly, you must inquire into the state of mind under which the Defendant committed the act charged, if he did commit it. In doing so, you may consider the fact, if you so find, that the Defendant was intoxicated at the time he allegedly committed the crime charged. The weight to be given the evidence on that question and the significance to attach to it, in relation to all the other evidence, are for you to determine."

The instruction was more favorable to Cummins than he was entitled to under North Dakota law. It was not error to refuse to instruct as to the definition of "knowingly" or "intentionally."

The judgment and sentence are affirmed.

ERICKSTAD, C.J., and SAND, VANDE WALLE and GIERKE, JJ., concur.