**CITY OF WEST FARGO, Plaintiff and Appellee,**

v.

**Russell Dean MARING, Defendant and Appellant.**

Cr. No. 890388.

Supreme Court of North Dakota.

July 3, 1990.

Ohnstad Twichell, P.C., West Fargo, for plaintiff and appellee, City of West Fargo; argued by Steven E. McCullough, West Fargo.

Nelson Law Office, Fargo, for defendant and appellant; argued by Brian W. Nelson, Fargo.

GIERKE, Justice.

Russell Dean Maring (Maring) appeals from a county court judgment which found him guilty of driving while under the influence of an intoxicating liquor pursuant to Section 19–1703 of the revised Municipal Ordinances of West Fargo. Maring contends that the trial court's admission, over

objection, of his statements refusing to submit to a blood-alcohol test, constituted prejudicial error in violation of North Dakota statutory law, his constitutional rights to fundamental due process, and to his Fifth Amendment freedom from self-incrimination. We disagree and, accordingly, affirm the county court's judgment.

On June 8, 1989, Officer Anthony Deane, a patrolman with the West Fargo Police Department and Susan Swenson, a dispatcher with the West Fargo Police Department, stopped Maring after observing suspicious conduct and irregular driving on the part of Maring. Upon approaching the vehicle, Officer Deane noticed the odor of alcohol. After failing several field sobriety tests conducted by Officer Deane, Maring was informed that he was under arrest and placed in the back seat of the patrol car. After reading Maring the implied consent advisory, but not the *Miranda* warning, Officer Deane asked Maring if he would consent to a blood-alcohol test. Maring refused to submit to a blood-alcohol test a number of times. Subsequently, Maring was transported to the Cass County jail and was charged with driving under the influence of intoxicants, Section 19–1703 of the Revised West Fargo Municipal Ordinances.

At trial, the City sought to elicit testimony regarding Maring's refusal to submit to a blood-alcohol test. Over Maring's objections, the City was allowed to offer evidence concerning Maring's statements refusing to submit to a blood-alcohol test. The jury returned a verdict finding Maring guilty of driving under the influence of intoxicating liquor.

On appeal Maring raises two issues. Initially, Maring contends that the admission of the evidence of his statements refusing to submit to a blood-alcohol test constituted prejudicial error in violation of his constitutional rights and North Dakota statutory law. Secondly, Maring argues that the trial court erred in admitting evidence of his statements refusing to submit to a blood-alcohol test because the City failed to comply with the procedures of the implied consent law of North Dakota.

Maring contends that the admission into evidence of his refusal to consent to a blood-alcohol test violated his Fifth Amendment privilege against self-incrimination because his statements were coerced, involuntary, and were the product of custodial interrogation. Further, Maring argues that evidence of his refusal to consent to the blood-alcohol test violated his Fourteenth Amendment right to due process because he had not been informed of his *Miranda* rights or of the fact that his statements refusing a test would be used against him in a court of law.

However, our review of the records does not disclose a single instance where Maring had asserted to the trial court that his constitutional rights had been violated. The first time that Maring had alleged that his constitutional rights had been violated was in his brief to this court. As we have stated many times, issues not presented to the trial court cannot be considered for the first time on appeal. *See, Production Credit Ass'n v. Davidson*, 444 N.W.2d 339, 347 n. 10 (N.D.1989); *Farmer's State Bank of Leeds v. Thompson*, 372 N.W.2d 862, 865 n. 3 (N.D.1985).

■ We next address Maring's statutory arguments. Section 39–20–04, N.D.C.C., states in part that if a person refuses to submit to testing [blood-alcohol testing], none may be given. With regard to the evidentiary value of such a refusal, the North Dakota Legislature, in 1959, enacted Section 39–20–08, N.D.C.C. which provides:

"39–20–08. *Proof of refusal admissible in any civil or criminal action or proceeding.* If the person under arrest refuses to submit to the test or tests, proof of refusal is admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof."

Maring argues that Section 39–20–08, on its face, does not allow for admission of the refusal in a criminal prosecution for driving while under the influence. He contends

that the statute provides for admission for acts alleged to have been committed while the person was driving while under the influence of intoxicating liquor. Thus, Maring argues that the statute contemplates admission in proceedings for acts committed while driving under the influence and not for establishing that the person was under the influence of intoxicating liquor. We disagree.

In interpreting a statute, words must be given their plain, ordinary and commonly understood meaning, and consideration should be given to the ordinary sense of statutory words, the context in which they are used, and the purpose which prompted their enactment. *Peterson v. Heitkamp*, 442 N.W.2d 219, 221 (N.D.1989); Section 1–02–02, N.D.C.C. Section 39–20–08 clearly states that "if the person under arrest refuses to submit to the test or tests, proof of refusal is admissible in any civil or criminal action...." It seems clear that the legislative intent was to admit evidence of any such refusal in cases where a person has been driving while in actual physical control of the vehicle upon a public highway or while under the influence of intoxicating liquor or drugs or any combination thereof. In this case, the trial court properly admitted evidence of Maring's refusal to submit to a blood-alcohol test pursuant to a clear reading of Section 39–20–08, N.D.C.C. because the statute explicitly permits evidence of a defendant's refusal to submit to a blood-alcohol test in either a civil or criminal action or proceeding which arises out of acts alleged to have been committed while the person was driving while under the influence.

■ Alternatively, Maring argues that evidence of his statements refusing to submit to a blood-alcohol test were inadmissible since the City of West Fargo failed to comply with the procedures of the implied consent law. Prior to trial, Maring sought and was granted a writ of prohibition commanding the North Dakota Highway Commissioner to desist and refrain from further license revocations proceedings under Section 39–20–04, N.D.C.C., due to the fact that the Highway Commissioner was with-

out jurisdiction to hold a hearing on Maring's alleged refusal to submit to testing. This was because the request and notice form indicated that more than five days had elapsed between the alleged refusal and the transmission of the certified written report to the Highway Commissioner in violation of Section 39–20–04, N.D.C.C. Therefore, Maring contends that since the refusal was not processed according to statute it was inadmissible at trial. In *State v. Abrahamson*, 328 N.W.2d 213 (N.D.1982), this court held that "Proceedings under Chapter 39–20 are separate and distinct from criminal proceedings. The implied-consent statute and Section 39–20–04, N.D.C.C., pertain to a person's refusal to take a blood-alcohol test after he has been arrested and the resulting revocation of his drivers license, *not the admissibility of such evidence in a criminal trial.*" *Id.* at 215–16 (emphasis added). Therefore, Maring's reliance on the City's procedural oversight is misplaced because the procedural error in the administrative hearing has absolutely no bearing on the admissibility of evidence in the criminal proceeding against him.

For the foregoing reasons, we conclude that the trial court did not error in admitting the evidence of Maring's refusal to submit to a blood-alcohol test and, accordingly, we affirm the county court's order in all respects.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.