STATE of North Dakota, Plaintiff
and Appellee,

v.

Benjamin C. HUBER, Defendant
and Appellant.

Criminal No. 960099.

Supreme Court of North Dakota.

Nov. 13, 1996.

Larry W. Quast, State's Attorney, Stanton, for plaintiff and appellee.

Michael Ray Hoffman, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

A jury convicted Benjamin Huber of driving under the influence of alcohol (DUI), a class B misdemeanor. On appeal, Huber claims the district court erred in allowing the State to amend the jury instructions to include "actual physical control" (APC). We reverse and remand for a new trial because the instructions permitted the jury to convict of DUI even if it found the defendant had only committed the lesser included offense of APC.

## I

On the evening of August 4, 1995, a Mercer County Deputy Sheriff responded to a dispatcher call reporting a "suspicious" vehicle on County Road 21. Upon arriving at the location, the officer observed a black pickup off to the side of the road. He saw the vehicle move forward but could not positively identify the driver at that time. Two other persons were present at the scene—one standing outside the vehicle and the other seated in the passenger's seat. The person behind the wheel and the person outside the vehicle were arguing.

As the officer approached the vehicle, he identified the person behind the wheel as Huber. Huber was sitting in the driver's seat with the vehicle running. The other two people said one of them had been driving and Huber had slid behind the wheel when the driver stepped out of the vehicle. The officer conducted a number of field sobriety tests and placed Huber under arrest for driving under the influence of alcohol.

On the morning of trial, prior to jury selection, the State requested the jury instruction on "essential elements of the offense" be amended to include the phrase "or was in actual physical control of" a motor vehicle. The court's proposed instruction included only the term "operate" a motor vehicle. Over Huber's objection, the district court amended the instruction. The jury was instructed that "[t]he prosecution satisfies its burden of proof only if the evidence shows beyond a reasonable doubt ... Huber[ ] did operate or was in actual physical control of a motor vehicle...." The State did not amend the complaint, nor did the court amend the verdict forms to include a possible verdict of guilty of APC.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, N.D.C.C. § 29–01–12, and N.D.C.C. § 29–28–06.

## II

■ Huber claims the jury instruction was reversible error because DUI and APC are different offenses, and it is possible to commit APC without committing DUI. Because the additional instruction added a different offense, Huber argues the late amendment of the instruction prejudiced his substantial rights. We evaluate this case by first determining whether the district court erred in amending the instruction and, if so, whether the error was harmless. *State v. Marshall*, 531 N.W.2d 284 (N.D.1995); *see also State v. Sievers*, 543 N.W.2d 491 (N.D. 1996) (applying harmless error standard to jury instruction). "We review jury instructions as a whole, and determine whether they correctly and adequately inform the jury of the applicable law." *Marshall* at 287 (citing *State v. Azure*, 525 N.W.2d 654, 658 (N.D.1994)). "If, as a whole, an instruction is erroneous, relates to a central subject in the case, and affects a substantial right of the accused, we will reverse for that error." *Marshall*.

### A

■ " 'The purpose of jury instructions is to apprise the jury of the state of the law.' " *State v. Murphy*, 527 N.W.2d 254, 256 (N.D. 1995) (quoting *State v. Murphy*, 516 N.W.2d 285, 286 (N.D.1994)). "Taken as a whole, the jury instructions 'must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury.' " *State v. Schneider*, 550 N.W.2d 405, 407 (N.D.1996) (quoting *City of Minot v. Rubbelke*, 456 N.W.2d 511, 513 (N.D.1990)). N.D.R.Crim.P. 30 allows any party to request jury instructions. The defendant must request or object to the instructions to preserve the matter for appeal. *Azure* at 656. Failure to object to a jury instruction, when given opportunity to do so during trial, waives the right to challenge the instruction on appeal. *State v. Trosen*, 547 N.W.2d 735, 740 (N.D.1996); *see also State v. Barnes*, 551 N.W.2d 279, 281–82 (N.D.1996) ("[i]f the defendant does not request an instruction or object to the omission of an instruction, we will not reverse unless the failure to give the instruction constitutes obvious error").

## B

■ The State contends Huber acquiesced in the instruction on APC by submitting a proposed instruction on APC, and he cannot object to the instruction on appeal. In this case, however, Huber objected prior to jury selection to the inclusion of APC in the jury instructions. The district court granted the State's request to include APC. Only after the court's ruling on the State's request did Huber agree to submit a proposed instruction on APC. We conclude Huber adequately objected to the instruction on APC.

## C

The State contends there was no error because APC is, in fact, DUI under North Dakota law.

■ Under N.D.C.C. § 39–08–01(1):

"[a] person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.

b. That person is under the influence of intoxicating liquor."

The State argues the amended instruction did not add a new or different offense because both APC and DUI appear in the same statute. A statute may contain more than one separate offense. *See, e.g., State v. Vance*, 537 N.W.2d 545 (N.D.1995) ("sexual act" and "sexual contact" are different offenses despite appearing in the same statute). Despite appearing in the same statute, DUI and APC are different offenses. *See, e.g., State v. Schuh*, 496 N.W.2d 41 (N.D. 1993).

"Driving" is an element of DUI. N.D.C.C. § 39–08–01. N.D.C.C. Ch. 39–08 does not define "drive." The State argues the defini-

tion of "drive" under N.D.C.C. § 39–06.2–02(10) should apply. Generally, "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears." N.D.C.C. § 1–01–09; *Northern X–Ray Co., Inc. v. State*, 542 N.W.2d 733 (N.D.1996).

Under N.D.C.C. § 39–06.2–02(10), "drive" is defined as "drive, operate, or be in physical control of a motor vehicle." Under this definition, being in "physical control" constitutes "driving" and APC would be the same offense as DUI. But the definition of "drive" relied on by the State is in N.D.C.C. Ch. 39–06.2, the chapter on commercial drivers' licenses, and is limited to "[a]s used in this chapter, unless the context or subject matter otherwise requires." N.D.C.C. § 39–06.2–02. DUI and APC appear in N.D.C.C. Ch. 39–08. As we have held, "driving is an element required in DUI, but not APC." *City of Fargo v. Schwagel*, 544 N.W.2d 873, 875 (N.D.1996).[1]

■ Under the rules of statutory construction, statutes are construed "to avoid absurd and ludicrous results." *State v. Erickson*, 534 N.W.2d 804, 807 (N.D.1995). If the definition of "drive" included both "operating" and being in "physical control," there would be no distinction between DUI and APC. They are, in fact, distinguishable. "The use of the word 'or' between DUI and APC in the statute indicates that the Legislature intended to establish two distinct offenses." *State v. Jacobson*, 338 N.W.2d 648, 650 (N.D.1983). "The execution or imposition of sentence under [N.D.C.C. § 39–08–01] may not be suspended or deferred" for a DUI violation. N.D.C.C. § 39–08–01(4)(e). Sentence may, however, be suspended for an APC violation. N.D.C.C. § 39–08–01(4)(e)(1).

Because APC and DUI are different offenses, "drive" cannot mean "physical control." We reject application of the definition of "drive" under N.D.C.C. § 39–06.2–02(10) to DUI. DUI and APC are different offenses.

---

1. *Schwagel* involved a violation of Fargo Municipal Code Section 8–0310 and not N.D.C.C. § 39– 08–01. However, the language of the ordinance closely parallels the DUI statute.

**D**

Alternatively, the State argues APC is a lesser included offense of DUI.

Under N.D.C.C. § 12.1–01–04(15), an "[i]ncluded offense" means an offense:

"a. Which is established by proof of the same or less than all the facts required to establish commission of the offense charged;

b. Which consists of criminal facilitation of or an attempt or solicitation to commit the offense charged; or

c. Which differed from the offense charged only in that it constitutes a less serious harm or risk of harm to the same person, property, or public interest, or because a lesser degree of culpability suffices to establish its commission."

▮ " 'An offense is a lesser included one of another only if, in order to commit the greater offense, it is necessary to commit the lesser.' " *Jacobson* at 650 (quoting 21 Am. Jur.2d, *Criminal Law*, § 269 (1981)). The difference between DUI and APC is DUI contains the element of "driving" and APC contains the element of "actual physical control." N.D.C.C. § 39–08–01. While it is possible to be in actual physical control without driving, it is not possible to drive without being in actual physical control.

**1**

▮ In defining statutory terms, "words must be given their plain, ordinary and commonly understood meaning, and consideration should be given to the ordinary sense of statutory words, the context in which they are used, and the purpose which prompted their enactment." *City of West Fargo v. Maring*, 458 N.W.2d 318, 320 (N.D. 1990). "[D]riving requires that the vehicle be in motion in order for the offense of drunk driving to be committed." 93 ALR3d § 3[a]. APC typically means "having existing or present bodily restraint, directing influence, domination, or regulation of any vehicle." 93 ALR3d § 2[a].

▮ "The term 'physical control' is more comprehensive than either 'drive' or 'operate.' " *State v. Starfield*, 481 N.W.2d

834, 836 (Minn.1992). It encompasses a wider range of conduct than DUI. 93 ALR3d § 2[a]; *see, e.g., State v. Schwalk*, 430 N.W.2d 317 (N.D.1988) (finding an APC violation where the person was asleep at the wheel); *Salvaggio v. North Dakota Dep't of Transp.*, 477 N.W.2d 195 (N.D.1991) (person may commit APC violation without being observed in the vehicle). A person who is driving a motor vehicle would necessarily be in actual physical control.

**2**

▮ APC differs from DUI in that "it constitutes a less serious harm or risk of harm to the same person, property, or public interest." N.D.C.C. § 12.1–01–04(15). "[T]he real purpose of the [APC] statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers." *State v. Ghylin*, 250 N.W.2d 252, 255 (N.D.1977); *Wiederholt v. Director, N.D. Dep't of Transp.*, 462 N.W.2d 445 (N.D.1990). When an intoxicated person chooses to drive, the APC statute " 'enable[s] the drunken driver to be apprehended before he strikes.' " *Starfield* at 837 (quoting *State v. Webb*, 78 Ariz. 8, 274 P.2d 338, 339 (1954)).

The APC statute is a "preventive measure intended to deter the drunken driver." *Ghylin*. "One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on the highway, even for a short distance, where his life and the lives of others hang in the balance." *Ghylin*. If the intoxicated person is intent on driving and has the keys to the vehicle, the person becomes "a source of danger to [himself], to others, or to property." *Starfield* at 837. APC statutes allow the arrest of such persons before the danger arises.

**3**

The term lesser included offense has been used both in the sense of lesser penalties and in the sense of fewer elements. *See, e.g., Jacobson* at 650 (under previous law: "the Legislature has provided the same criminal penalty for either offense, and on that basis" APC is not a lesser included offense of DUI); and *State v. Clinkscales*, 536 N.W.2d 661

(N.D.1995) (distinguishing Class B felony robbery from Class C felony robbery by the existence of additional factual element of willful possession of dangerous weapon). Both the criminal rules and the criminal code use the term "included" offense rather than "lesser included" offense. *See* N.D.C.C. § 12.1–01–04(15); and N.D.R.Crim.P. 31(c).

 In *Jacobson*, we said "APC does not qualify as a lesser offense" of DUI because the statute provided the "same criminal penalty for either offense." *Jacobson* at 650. At the time of Jacobson's offense, the penalties for DUI and APC were the same. *See* N.D.C.C. § 39–08–01 (prior to 1983 amendment); *State v. Goodbird*, 344 N.W.2d 483, 486 (N.D.1984) (concluding the 1983 amendments do not "apply to offenses committed prior to the effective date of the amendment, July 1, 1983"). The 1983 Legislature amended N.D.C.C. § 39–08–01 to include a minimum mandatory sentence for DUI and allowing for suspension of sentence for APC. N.D.C.C. § 39–08–01(4)(e)(1). We have recognized the legally significant difference between the possibility of suspending sentence and a mandatory minimum sentence. *See* N.D.R.Crim.P. 11(b)(2) (the court must inform the defendant of "the mandatory minimum punishment, if any, and the maximum possible punishment"); *State v. Hamann*, 262 N.W.2d 495, 501 (N.D.1978) (the court must advise defendant of maximum sentence, any mandatory minimum sentence, but not the minimum possible sentence); *State v. Olson*, 544 N.W.2d 144, 147 (N.D.1996) (waiver in defects in previous uncounseled guilty plea cannot be assumed when the record did not disclose in subsequent intervening case defendant had been advised of mandatory minimum and was being charged with second offense); *State v. Schweitzer*, 510 N.W.2d 612, 615 (N.D.1994) (failure to advise defendant of mandatory minimum sentence before accepting guilty plea was reversible error). The penalties are now different; therefore, APC is a lesser offense of DUI.

APC is a lesser included offense of DUI. *See City of Montesano v. Wells*, 79 Wash. App. 529, 902 P.2d 1266, 1268 (Div. 2 1995) ("being in physical control of a motor vehicle [ ] is a lesser included offense of driving a vehicle while intoxicated" under Washington law (emphasis omitted)). To the extent this decision is inconsistent with *Schuh*, *Schuh* is overruled.

### 4

 "Generally, courts should give an instruction on a lesser included offense if 'the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit him of the greater.'" *State v. McDonell*, 550 N.W.2d 62, 63 (N.D.1996) (quoting *State v. Tweed*, 491 N.W.2d 412, 414 (N.D.1992)). In this case, there was a dispute as to who was driving the vehicle. Two witnesses testified Huber was not driving, and the deputy sheriff testified he was. There is no dispute Huber was seated behind the wheel with the engine running when the deputy approached. The evidence would have permitted the jury to rationally find the defendant not guilty of DUI, but guilty of APC. Instruction on the lesser included offense was appropriate.

### 5

Because APC is a lesser included offense of DUI, Huber was on notice of a possible APC instruction and the State was not required to amend the complaint.

 Under the Sixth Amendment, a defendant has the right "'to be informed of the nature and cause of the accusation.'" *Schwagel* at 874 (citing *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975)). "Conviction upon a charge not made would be a sheer denial of due process." *DeJonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937). However "a defendant is not deprived of his Sixth Amendment right to notice of the charges against him when a jury convicts him of a lesser offense which was included, though not specifically stated, in the information." *State v. Stoppleworth*, 442 N.W.2d 415, 417 (N.D.1989).

"Quite simply, an offense charged in an Information inherently notifies the defendant that he or she may have to defend against lesser included offenses; no additional or specific language as to the lesser included offense is necessary to put the defendant on

notice." *Vance* at 548. Under N.D.R.Crim.P. 31(c), "[t]he defendant may be found guilty of an offense necessarily included in the offense charge or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

The complaint notified Huber of the DUI charge and all lesser included offenses. *See Stoppleworth.* Even if the jury found all the elements of APC were proven, conviction of APC without amending the complaint would not be a denial of due process.

### E

The jury instructions were amended to include APC as an alternative to "operate" a motor vehicle. The district court instructed the jury "that to drive as defined in North Dakota means to drive, operate or be in physical control of a motor vehicle." The jury was instructed to return a guilty verdict if it found Huber had either "operated" the vehicle or had been in "actual physical control" of the vehicle. The verdict forms allowed the jury to find Huber guilty of DUI or not guilty of DUI. The forms were not amended to allow conviction of APC.

Under such an instruction, the jury could have found all the elements of APC and convicted Huber of DUI even if the jury would not have found the defendant guilty of DUI under a correct instruction. It is not possible to determine whether the jury convicted Huber of APC or DUI. Under the Fourteenth Amendment, the State must prove every element of the offense beyond a reasonable doubt. *State v. Sheldon,* 301 N.W.2d 604, 612 (N.D.1980), *cert. denied* sub nom. *Sheldon v. North Dakota,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981). In this case, Huber could have been convicted of DUI and subjected to the minimum mandatory sentence even if the jury had found only the elements of APC had been proven by the State.

Although instructing the jury on a lesser included offense would not have been error, the district court should have made clear to the jury the distinction between APC and DUI and given the jury correct verdict forms and correct instructions on deliberating [2] when a lesser included offense is a possibility. *See State v. Steinmetz,* 552 N.W.2d 358, 362 (N.D.1996) (recognizing the responsibility of a trial court to accurately instruct the jury on the applicable law). A defendant can be convicted of the offense charged or of a lesser included offense, but not both. *State v. Davis,* 546 N.W.2d 30 (Minn.App.1996). The verdict forms should have been amended to allow a conviction of either DUI or APC or an acquittal of both. The district court erred in failing to properly instruct the jury and to provide proper verdict forms.

### III

Having concluded the district court erred in its instructions, including its verdict forms, we further conclude instructions which permit a defendant who only committed a lesser offense to be convicted of a greater offense and receive the consequences of the greater offense are not harmless error. *State v. Trotter,* 524 N.W.2d 601 (N.D.1994) (error which does not affect the substantial rights of the defendant must be disregarded as harmless); *State v. Demery,* 331 N.W.2d 7 (N.D.1983) ("In deciding whether or not error is harmful, we will examine the entire record and evaluate the error in the context of the circumstances in which it was made to see if it had a significant impact on the jury's verdict").

Because the instruction could have had a significant impact on the jury's verdict, the instruction affected the substantial rights of Huber and therefore was not harmless error.

### IV

Failure of the district court to properly distinguish between APC and DUI in its

**2.** We have adopted the "acquittal first" instruction "to guide a jury in its transition from considering the charged offense to considering lesser included offenses." *State v. Daulton,* 518 N.W.2d 719, 720 (N.D.1994). The proper instruction "requires an acquittal of the offense charged before consideration of lesser-included offenses." *Daulton* at 722. "Only after it has confronted and unanimously completed the difficult task of deciding the guilt or innocence of the accused as to the charged offense should the jury consider lesser included offenses." *Daulton* at 723.

instruction and failure to amend the jury verdict forms violated Huber's right to due process of law. The judgment of conviction is reversed and remanded for a new trial.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.